ID# 2021-0089181-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**21105179**
Ann B. Harris - 56
JUL 09, 2021 02:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANTHONY WATERS, | * | CIVIL ACTION |
| | * | FILE NO. _____ |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | |
| | * | |
| SOMA INTIMATES, LLC | * | |
| | * | |
| DEFENDANT. | * | |

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW Plaintiff ANTHONY WATERS and files this Complaint against Defendant SOMA INTIMATES, LLC and for cause thereof respectfully shows unto the Court the following:

1.

Plaintiff ANTHONY WATERS is a resident of Albany, Georgia.

2.

Defendant SOMA INTIMATES, LLC (hereinafter "Soma") is a foreign limited liability company having its principal office address at 11215 Metro Parkway, Ft. Myers, Florida 33966.

3.

Defendant Soma owns and operates a chain of retail stores selling womens' undergarments and loungewear for profit.

4.

Defendant Soma can be served with a copy of this Complaint and Summons by serving its Registered Agent for service of process: Corporate Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30066.

5.

This Court has appropriate jurisdiction over this matter.

6.

Venue is proper in this Court.

7.

On August 10, 2019, Plaintiff Anthony Waters accompanied his wife into a Soma Intimates store located in Macon, Georgia.

8.

The Plaintiff was an invitee in the Defendant's retail store and as an invitee was entitled to presume that the Defendant was maintaining its store in a condition safe for shoppers such as himself.

9.

Under Georgia law, an owner or occupier of land is liable for injuries suffered by those upon the premises for the owner or occupier's failure to exercise ordinary care in keeping the premises and approaches safe, not merely reasonably safe. *See* O.C.G.A. §53-3-1.

10.

While shopping inside the Defendant's retail store, Plaintiff Anthony Waters was injured when a framed picture fell from a wall or shelf and struck him upon his head and face.

11.

The Plaintiff had not touched the framed picture before it fell. The framed picture apparently fell because it was not properly affixed to the wall or secured in any other fashion to prevent it from falling.

12.

The framed picture which fell knocked the Plaintiff's glasses off, caused a knot to rise on his forehead and caused swelling to his left eye.

13.

The Plaintiff had recently had surgery to his left eye and was fearful that the blow could have undone the recent surgical repair to that eye.

14.

Plaintiff Anthony Waters sought immediate medical attention at the Emory University Hospital emergency room where he reported experiencing head pain, feeling dazed, and pain in his left eye. He was diagnosed at the hospital as suffering from a scalp hematoma, abrasion, and closed-head injury without loss of consciousness and was discharged with instructions to seek follow-up care.

15.

Plaintiff Anthony Waters sought follow-up care with a neurologist when he continued having symptoms of dizziness, ataxic gait, short-term memory loss, headaches, nausea, blurred vision, and photophobia.

16.

The Plaintiff's neurologist diagnosed Mr. Waters as suffering from concussion, prescribed monthly injections for relief of headaches, and ordered vestibular rehabilitation.

17.

Plaintiff Anthony Waters was employed by the United States Postal Service working as a cashier at the retail counter. His continued mental confusion and dizziness left him unable to properly calculate and make change to customers and to balance his transactions at the end of the

day. As a result of his impairments, the Plaintiff was unable to perform his job duties and was forced to resign, losing wages in the tens of thousands of dollars.

18.

The Plaintiff incurred expenses for his medical treatment, and continues to incur such expenses, so far in excess of $5,000.00.

19.

The Plaintiff's injuries incurred on August 10, 2019 were directly and proximately caused by the negligence Defendant Soma in that it:

a) Failed to perform reasonable inspections of its premises so as to discover that the framed picture which struck the Plaintiff was not properly secured to the wall or shelf;

b) Failed to properly secure the framed picture when it was first hung on the wall or shelf;

c) Failed to put in place a reasonable inspection policy so that dangers and defects upon the premises could be timely discovered and corrected before invitees could be injured;

d) Failed to follow its own inspection policies or guidelines so as to prevent a danger or defect upon the premises from causing injury to the invitee Plaintiff;

e) Failed to warn the Plaintiff that its store had not been reasonable inspected or the framed picture properly secured to prevent its falling; and,

f) Such other and further negligence as the evidence at trial shall show.

20.

Prior to his being injured in the Defendant's retail store, Plaintiff Anthony Waters was in excellent physical condition and lead an active lifestyle. Following his injury, he had difficulty sleeping at night, experienced anxiety, had difficulty walking and speaking, experienced a loss of enjoyment of life, was unable to participate in recreational and other pleasurable activities, was

unable to work and earn income, and suffered daily with headaches, dizziness, and cognitive impairment.

21.

The Plaintiff is entitled to be reimbursed for his medical expenses and his lost wages and to compensation for his general pain and suffering.

WHEREFORE, Plaintiff prays:

a) That Summons issue and Defendant be served as provided by law;

b) That he have and recover from Defendant compensation for his personal injuries, pain and suffering, mental and physical, past, present and future;

c) That he have and recover from Defendant compensation for his lost wages and medical expenses, past and future;

d) That all costs of this action be assessed to Defendant;

e) For a trial by jury;

f) For such other and further relief as the Court or jury deems just and proper.

This 9th day of July, 2021.

**LAW OFFICE OF PAUL R. BENNETT**

By:*/s/ Paul R. Bennett*
Paul R. Bennett
Georgia Bar No. 051629

812 Broadway, P.O. Box 11
Columbus, GA  31902
Phone (706) 327-7571
Fax (706) 327-2687